# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Mark H. Weckner,
    Petitioner

    vs.                                   Case No. 1:03cv77
                                               (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,[1]
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on the petition, respondent's "Answer and Return of Writ," and petitioner's "traverse" in reply to the return of writ. (Docs. 2, 7, 8).

### Procedural Background

On July 25, 2000, petitioner was indicted by the Brown County, Ohio, grand

---

[1] In the petition, petitioner properly named as respondent James Erwin, who was then Warden of Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, James Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

jury on on one count of aggravated possession of a controlled substance (methamphetamine) as defined in Ohio Rev. Code § 2925.11(A), and one count of illegal manufacture of a controlled substance (methamphetamine) as defined in Ohio Rev. Code § 2925.04(A). (Doc. 7, Ex. 2). After a jury trial, petitioner was found guilty as charged. (*Id.,* Exs. 5-7). On May 7, 2001, petitioner was sentenced to a twelve (12) month prison term for the possession offense and a mandatory four (4) year prison term for the drug manufacturing offense. (*Id.,* Ex. 9).²

With the assistance of his trial counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 12). He alleged as the sole assignment of error that his conviction "was against the manifest weight of the evidence." (*Id.*, Ex. 13, p. 6). On March 15, 2002, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Exs. 15-16). Apparently, petitioner did not attempt a further appeal to the Ohio Supreme Court. (*See id.,* Brief, p. 4)

Petitioner next commenced the instant habeas corpus action. The petition, which was signed by petitioner on October 19, 2002, was stamped as "received" by the Court on January 22, 2003 and as "filed" with the Court on January 30, 2002.³ (Doc. 2). In the petition, petitioner alleges the following grounds for relief:

> 1. Petitioner was denied the due process of law, by being tried in a court <u>not</u> of competent jurisdiction, in violation of the Fourth and Fourteenth Amend.

---

²Apparently, on June 12, 2002, over a year after the sentence was entered, petitioner filed a pro se motion for a speedy trial with the Brown County Common Pleas Court. (Doc. 7, Ex. 10). The trial court docket record reflects that the state court did not rule on that motion. (*See id.,* Ex. 1).

³Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date for a federal habeas corpus petition is actually the date on which the pro se prisoner provided his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on October 19, 2002, the date petitioner signed it.

2. Petitioner was denied the due process of law, by being prosecuted by the Prosecuting Attorney of Brown County, without lawful authority in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments.

3. Petitioner was denied a speedy trial in the state and district wherein the "crime" was committed, in violation of the Sixth and Fourteenth Amendments[, because in the absence of complaint supported by an affidavit, there is no lawful record of a "crime" being committed in this state or Brown County].

4. Petitioner is being held in slavery and/or involuntary servitude without being "duly" convicted of a crime, in violation of the Thirteenth and Fourteenth Amendments.

(*Id.,* pp. 5-6).

As respondent apparently concedes (*see* Doc. 7, Brief, pp. 6-7), the petition is not barred from review on statute of limitations grounds. In the return of writ, respondent contends, however, that petitioner has waived his claims for relief because he did not present them as assignments of error on direct appeal to the Ohio Court of Appeals and is precluded from raising them on any further delayed appeal to the Ohio Supreme Court. (*Id.,* pp. 9-10).

## OPINION

### A. Petitioner Has Waived His Claims For Habeas Corpus Relief Due To His Procedural Default In The State Courts

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-

100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default by failing to present his four grounds for relief as assignments of error on direct appeal to the Ohio Court of Appeals. Moreover, although the remedy of a delayed appeal to the Ohio Supreme Court is still available to petitioner to pursue relief from the Ohio Court of Appeals' direct appeal decision, *see* Rule II, § 2(A)(4), Rules of Practice of the Supreme Court of Ohio, the Ohio Supreme Court will not consider issues that a defendant fails to present to the Court of Appeals. *See State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966). The Ohio Constitution limits the Ohio Supreme Court's appellate jurisdiction to appeals from the Ohio Court of Appeals. Ohio Const. art IV, § 2(B)(2); *see Jones,* 211 N.E.2d at 199. The Ohio Supreme Court, therefore, lacks jurisdiction to consider constitutional claims that petitioner failed to raise before the Ohio Court of Appeals. *See id.; see also Leroy,* 757 F.2d at 97, 99-100; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983). Because petitioner is thus unable to provide the highest state court in Ohio with an opportunity to correct the alleged errors, he has waived his claims for federal habeas corpus relief unless he shows cause for his

default and actual prejudice as a result of the alleged errors or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not provided any justification as "cause" for his procedural default. He does suggest in his "traverse" brief, however, that a "fundamental miscarriage of justice" will occur if his claims are not addressed on the merits by this Court because the Brown County Common Pleas Court and prosecutor were without lawful authority to prosecute, try and convict him. (*See* Doc. 8). Under the "fundamental miscarriage of justice" standard, however, petitioner must show that the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). No such showing has been made in this case.

In any event, petitioner's claims essentially stem from alleged errors under state law in failing to file a sworn criminal complaint and supporting affidavit, which petitioner contends are necessary to establish the trial court's and prosecutor's authority to prosecute and try a person charged by indictment with a crime. These alleged defects, involving the manner by which the accused is charged with a crime, do not give rise to a constitutional claim that is cognizable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Indeed, it is well settled that there is not even a federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977). As long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338. Here, petitioner does not allege that the indictment, which was the instrument used to charge him with crimes, failed to provide sufficient notice to him of the charges against him. No constitutional issue arises from these alleged state-law violations, which the Ohio Supreme Court has deemed are "procedural rather than jurisdictional" in nature. *State ex rel. Beaucamp v. Lazaroff,* 673 N.E.2d

5

1273, 1274 (Ohio 1997) (per curiam); *see also State v. Woods,* No. C-000261, 2002 WL 337382, at *1 (Ohio Ct. App. Jan. 18, 2002) (unpublished), *appeal dismissed,* 767 N.E.2d 1178 (Ohio 2002).

Moreover, even assuming, *arguendo,* this Court may consider the alleged errors of state law asserted by petitioner in the petition, it is clear that the Brown County Common Pleas Court and prosecutor had authority under state law to prosecute, try, convict and sentence petitioner "upon an indictment regularly issued." *See Harris v. Bagley,* 776 N.E.2d 490 (Ohio 2002) (per curiam) (rejecting state habeas petitioner's claim that his conviction and sentence for rape were void because no proper criminal complaint had ever been filed against him before he was indicted given that petitioner "was convicted and sentenced upon an indictment, and his trial court had the requisite jurisdiction to try, convict, and sentence him on the charged offense"); *Taylor v. Mitchell,* 727 N.E.2d 905, 906 (Ohio 2000) (per curiam) (rejecting for same reason state habeas petitioner's claim that the common pleas court lacked jurisdiction over his kidnapping and aggravated robbery charges due to the fact no criminal complaints were ever filed charging him with those offenses before the indictment was issued). In cases such as this involving felony charges prosecuted by way of an indictment pursuant to Ohio R. Crim. P. 7(A), the Ohio appellate courts have uniformly held that an accusation by affidavit or complaint is not necessary for the common pleas court, which by state statute are "courts of general jurisdiction [that] possess subject matter jurisdiction over all crimes and offenses," *State v. Thomas,* No. L-98-1192, 1998 WL 769795, at *1 (Ohio Ct. App. Nov. 6, 1998) (unpublished), to obtain jurisdiction over the criminal case. *See, e.g., State v. Carpenter,* No. 02CA001, 2001 WL 34048137, at *2 (Ohio Ct. App. Nov. 29, 2002) (unpublished); *State v. Bunnell,* No. L-02-1015, 2002 WL 1305052 (Ohio Ct. App. June 7, 2002) (unpublished); *State v. Lutz,* No. CA2000-09-07112, 2001 WL 1598768, at *2, *3 (Ohio Ct. App. Dec. 17, 2001) (unpublished); *State v. Woodburn,* No. 94 C 82, 1998 WL 336963, at *4 (Ohio Ct. App. June 24, 1998) (unpublished); *State v. Manley,* No. 95-CO-54, 1996 WL 350915, at *2-3 (Ohio Ct. App. June 21, 1996) (unpublished), *appeal dismissed,* 673 N.E.2d 144 (Ohio 1996); *State v. Lutchey,* No. F-95-009, 1996 WL 71011, at *2 (Ohio Ct. App. Feb. 16, 1996) (unpublished).

Accordingly, in sum, petitioner is not entitled to habeas relief based on the four claims alleged in his petition. He has waived these claims by failing to present them on direct appeal to the Ohio Court of Appeals. In any event, his claims, which stem from alleged errors under state law in charging him with a crime, neither are cognizable in this federal habeas proceeding nor have any merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the constitutional claims alleged in the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason" neither would "find it debatable as to whether this Court is correct in its procedural ruling" nor would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  5/19/2005                         s/Timothy S. Hogan
    cbc                                         Timothy S. Hogan
                                                                  United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\03-77denypet.waiv-jdiction.wpd

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Mark H. Weckner,
    Petitioner,

    v.

Tim Brunsman,
    Respondent.

Case No. 1:03cv77
(Spiegel, S.J.; Hogan, M.J.)

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9

1:03 cv 77  doc. #9

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Mark Weckner<br>#A411-978<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601-0990 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7004 0750 0003 9306 0301 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |