UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK H. WECKNER,                    :
                                    :  NO. 1:03-CV-00077
          Petitioner,               :
                                    :
                                    :
     v.                             :
                                    :  **OPINION AND ORDER**
                                    :
TIM BRUNSMAN,                       :
                                    :
          Respondent.               :
                                    :


          This matter is before the Court on the Magistrate Judge's
May 24, 2005 Report and Recommendation (doc. 9).  Petitioner filed
no objection.

          On July 25, 2000, the Brown County, Ohio, grand jury
indicted Petitioner Mark H. Weckner (hereinafter "Weckner") on one
count of aggravated possession of a controlled substance
(methamphetamine), and one count of illegal manufacture of a
controlled substance (doc. 9).  A jury found Petitioner guilty of
both counts, and on May 7, 2001 the court sentenced him to a twelve
month prison term for the possession offense, and a mandatory four
year prison term for the drug manufacturing offense (Id.).

          On January 30, 2003, Weckner filed a petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2).  In support
of his writ, Weckner alleges deprivations of constitutional rights,
including denial of due process of law, denial a speedy trial, and
violation of his right to be free of involuntary servitude (doc.

9).  After reviewing the petition, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed, that no certificate of appealability should issue, and that the Court should deny Weckner leave to proceed in forma pauperis on appeal (doc. 9).

Weckner was served with the Report and Recommendation on or about June 1, 2005 (doc. 10).  However, the service was returned undeliverable because Petitioner failed to notify the Court of a new address.  In this Court's notice to Petitioner on applicable court procedures, which Petitioner received (doc. 4), Petitioner was ordered to inform the Court promptly of any change of address.  By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action.  See, e.g., Theede v. United States Department of Labor, 172 F.3d 1262, 1265 (10th Cir. 1999)(Failure to object to a Magistrate Judge's Report and Recommendation due to delay resulting from party's failure to bring to the court's attention a change in address constitutes failure to object in a timely manner.  Because the Recommendation was mailed to the last known address, it was properly served, and party waived right to appellate review).

In accordance with 28 U.S.C. § 636(b), the Court has reviewed the Magistrate Judge's Report and Recommendation de novo, finding it thorough and well-reasoned.  The Court finds correct the Magistrate Judge's conclusion that Petitioner procedurally

-2-

defaulted in the state court system; accordingly, his petition is barred pursuant to 28 U.S.C. § 2254(b)(1)(c).

Petitioner was afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken. Accordingly, the Court hereby ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 9). The Court further DISMISSES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 2), and DENIES to issue a certificate of appealability with respect to the constitutional claims in the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason" neither would "find it debatable as to whether petitioner has stated a viable constitutional claim for relief in his habeas petition under the applicable two-part standard articulated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may not be taken in good faith; leave to proceed in forma pauperis on appeal is therefore DENIED. See Fed. R. App. P. 24(a); Kincade v. Sparkman,

117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.


Dated: October 5, 2005        <u>s/S. Arthur Spiegel</u>
                            S. Arthur Spiegel
                            United States Senior District Judge